**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL S. HARTLEY,

                        Plaintiff,          1:24-CV-925
    v.                                        (AMN/CFH)

UNITED STUDENT RENTALS, et al.,

                        Defendants.

---

**APPEARANCES:**

Michael S. Hartley
3 Pine Street
Oneonta, New York 13820
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se Michael S. Hartley ("plaintiff") commenced this action on July 24, 2024, by filing a complaint. See Dkt. No. 1 ("Compl."). In lieu of paying this Court's filing fee, he submitted an application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 6. Plaintiff's IFP application demonstrates that he financially qualifies to proceed IFP.[1]

---

[1] Plaintiff is advised that although he has been granted IFP status, like all plaintiffs receiving such status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

1

## II. Initial Review[2]

### A. Legal Standards

28 U.S.C. § 1915 directs that, when a plaintiff proceeds IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Thus, when a plaintiff proceeds IFP, "it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  Praileau v. Fischer, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, plaintiffs proceed pro se, the court must grant them "special solicitude," construe their submissions "liberally," and read such submissions "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted) (citing Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994)).  The rationale for this is that "a pro se litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if [] not afforded some degree of protection."  Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (citing Triestman, 470 F.3d at 475).

---

[2] The language of § 1915 suggests an intent to limit availability of IFP status to prison inmates.  See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, the courts have construed this section as making IFP status available to any litigant who can meet the governing financial criteria.  See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n. 1 (S.D.N.Y. 2002). Thus, review of the complaint pursuant to § 1915 is warranted in this case.  See N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under [Section 1915] when an application to proceed in forma pauperis is filed.").

However, the Second Circuit has also reminded that courts "cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest." Triestman, 470 F.3d at 477 (citations omitted).  Further, the "special solicitude" standard does not excuse "frivolous or vexatious filings by pro se litigants," nor does it "exempt a party from compliance with relevant rules of procedural and substantive law." Id.

### B. Plaintiff's Complaint

Plaintiff filed his complaint using the Court's form complaint for violations of civil rights (non-prisoner) pursuant to 42 U.S.C. § 1983, citing the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  See Compl. at 3.  The complaint lists as defendants: (1) Laura and Christopher Krause, realtors and owners of United Student Rental; and (2) Corrie Damulis, Esq., a lawyer for United Student Rentals.  See id. at 3-4.  The complaint states that on our around June 1, 2023, when plaintiff moved into an apartment, he noticed that the front door was "paper thin" and the lock was "hanging off." Id. at 4.  He emailed the owner to have the door fixed but was told by an unnamed person that they "will get with [plaintiff] sooner or later." Id.  A year passed without the issue being remedied, and plaintiff indicates that the apartment was vandalized at some point. Id. at 5. The complaint lists the events as occurring on or around April 2024, on 16 West Street, Apartment 3. See id. at 4.  Plaintiff states that he has suffered mental and emotional distress; thus, he seeks compensatory and punitive damages against defendants in their individual and official capacity. See id. at 5. Plaintiff's civil cover sheet cites 42 U.S.C. § 1983 for a "violation of fair housing under disability." Dkt. No. 1-2.

3

### C. Analysis

Liberally construing plaintiff's complaint, he asserts (1) claims under 42 U.S.C. § 1983; (2) a claim under the Fair Housing Act; and (3) unspecified claims under state law; each of these claims relate to unnamed actors' failure to repair plaintiff's front door of his apartment. See generally Compl.

### 1. 42 U.S.C. § 1983

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." Filarsky v. Delia, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). "Section 1983 itself creates no substantive rights[, but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere." Burrell v. DOCCS, 655 F. Supp. 3d 112, 124 (N.D.N.Y. 2023) (quoting Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993)). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" Harrison v. New York, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010)).

"The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (internal quotation marks and citation omitted). Private parties generally are not state actors; therefore, they are not liable under § 1983. See Sykes v. Bank of America, 723 F.3d 399, 406 (2d Cir. 2013); see also Flagg v. Yonkers Sav. &

4

Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'") (quoting United States v. Int'l Brotherhood of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991)).

However, there exist a few limited exceptions.  A private party's actions can be considered state action in three situations:

> (1) the private party acts using the coercive power of the state or is controlled by the state (the "compulsion test");
> (2) the private party willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or
> (3) the state has delegated a public function to the private party (the "public function" test).

Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012).  The fundamental question under each situation is whether the private party's challenged actions are fairly attributable to the State.  See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

Here, the complaint names as defendants Laura and Christopher Krause, realtors and owners of United Student Rental; and Corrie Damulis, Esq., a lawyer for United Student Rentals.  See Compl. at 3-4.  These defendants are private parties, not state actors, and so may not be sued under Section 1983 unless one of the above situations applies.  See Rendell-Baker, 457 U.S. at 838.  The complaint alleges no facts to support that, in failing to repair plaintiff's door, the two private realtors and/or their attorney: (1) used the coercive power of the state or are controlled by the state; (2) participated in joint activity with the state or otherwise shared its functions; or (3) used authority delegated to them by the state.  See Fabrikant, 691 F.3d at 207.  Thus, the undersigned recommends that the claims for alleged violations of plaintiff's

5

First, Sixth, Eighth, and Fourteenth Amendment rights as alleged under Section 1983 against defendants Laura and Christopher Krause, United Student Rental, and Corrie Damulis, be dismissed.  See Eggsware v. Doe, No. 1:22-cv-54 (BKS/CFH), 2022 WL 827640, at *5 (N.D.N.Y. Feb. 7, 2022) (dismissing the plaintiff's § 1983 claims where "there is nothing in the complaint to suggest that any of the potential wrongful actors are 'state actors' or that they are 'collaborating' with state actors"), report and recommendation adopted 2022 WL 823646 (N.D.N.Y. Mar. 18, 2022).[3]

### 2. Fair Housing Act

On plaintiff's civil cover sheet, he describes his claim as a "violation of fair housing under disability." Dkt. No. 1-2.  Despite this vague statement, as plaintiff is entitled to "special solicitude," Triestman, 470 F.3d at 477, the undersigned assesses whether plaintiff has set forth a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq.

The FHA prohibits discrimination in the sale, rental, and financing of dwellings due to race, color, religion, sex, or national origin.  See 42 U.S.C. § 3604(a).  The FHA also prohibits discrimination in the sale or rental of a dwelling because of a handicap, which is defined as "a physical or mental impairment which substantially limits one or more of such person's major life activities . . . ." Jenkins v. New York City Dep't of Homeless Servs., 643 F. Supp. 2d 501, 517 (S.D.N.Y. 2009) (citing 42 U.S.C. §§ 3602(h) & 3604(f)).  Courts in multiple circuits have recognized that claims for discriminatory housing practices that occur after a plaintiff buys or rents housing, called "post-acquisition" claims, are cognizable under Section 3617 of the FHA.  See Francis

---

[3] The Court has provided plaintiff with copies of all unpublished cases.

v. Kings Park Manor, Inc., 992 F.3d 67, 87-89 (2d Cir. 2021) (Lohier, J., concurring) (noting that multiple circuit courts acknowledge that the FHA prohibits "at least some post-acquisition conduct") (collecting cases); see also 42 U.S.C. § 3617 (making it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by . . . [Section] 3604 of this title [for discrimination in rental housing]."). To prevail on a § 3617 disparate-treatment claim, a plaintiff must show that: "(1) [he] is a protected individual under the FHA; (2) [he] was engaged in the exercise or enjoyment of [his] fair housing rights; (3) the defendant was motivated by discriminatory intent . . . ; and (4) the defendant coerced, threatened, intimidated, or interfered with the plaintiff on account of [his] protected activity under the FHA." Mohamed v. McLaurin, 390 F. Supp. 3d 520, 545-46 (D. Vt. 2019) (citing East-Miller v. Lake Cty. Highway Dep't, 421 F.3d 558, 563 (7th Cir. 2005)).

Here, the complaint indicates that plaintiff leased Apartment 3 on 16 West Street in Oneonta, New York, but that there was a defect in the unit – a broken front door – that was not repaired between June 1, 2023, and April 2024. See Compl. at 4. The complaint states that plaintiff contacted the "owne[r]," but was told by an unnamed person that they "will get with [plaintiff] sooner or later." Id.

These allegations are insufficient to state a claim under the FHA against defendants Laura and Christopher Krause, United Student Rental, or Corrie Damulis. See Compl. at 3-4. First, the complaint does not indicate that these defendants took any action or omission regarding the door, as the complaint merely states that plaintiff contacted the "owner," and there are no facts to indicate that defendants are the owners of the apartment. See generally id. Second, although plaintiff alleges, generally, that

7

he has mental health impairments, see id. at 5, plaintiff does not describe how his impairments limit his major life activities, and the complaint makes no connection between any act of defendants and plaintiff's impairments. See id. Without sufficient factual allegations to connect any alleged failure by defendants to make the apartment "available" by failing to fix the door because of plaintiff's disability, the undersigned cannot find that the complaint states a Fair Housing Act claim. See Ingraham v. Red Carpet Hous. Corp., No. 1:17-cv-1076 (GLS/CFH), 2017 WL 5152343, at *4 (N.D.N.Y. Oct. 19, 2017) (finding that allegations by pro se plaintiff of improper eviction could be read "with a very liberal lens" as an attempt to state a housing discrimination claim under the FHA, but dismissing any such claim with leave to amend because the complaint failed to identify the plaintiff as a person that fits in a protected category and failed to state that "any discrimination occurred because of [the] protected categories"), report and recommendation adopted 2017 WL 5151692 (N.D.N.Y. Nov. 6, 2017); Robinson v. Soc. Serv., No. 13-cv-172 (NAM/CFH), 2013 WL 1122450, at *3 (N.D.N.Y. Feb. 22, 2013) (when "liberally construing the [] complaint, it appears that [the plaintiff was attempting] to proffer a claim that she was denied housing because of her mental impairment," but dismissing this claim with leave to amend where the complaint failed to allege "any facts which identify the nature of the mental impairment, what major life activity is impaired, and the causal relationship demonstrating that any denials were due to said mental impairment"), report and recommendation adopted 2013 WL 1107638 (N.D.N.Y. Mar. 18, 2013).

### 3. State Law Torts

Plaintiff does not list any state law tort claims in his complaint, though he does state facts concerning the habitability of his apartment. See Compl. at 4. This most closely aligns with a claim for the breach of warranty of habitability under New York state law. See, e.g., Park W. Mgmt. Corp. v. Mitchell, 47 N.Y.2d 316, 325 (1979) (finding that under New York law, "[a] residential lease is now effectively deemed a sale of shelter and services by the landlord who impliedly warrants: first, that the premises are fit for human habitation; second, that the condition of the premises is in accord with the uses reasonably intended by the parties; and, third, that the tenants are not subjected to any conditions endangering or detrimental to their life, health or safety"); see also N.Y. Real Property Law § 235-b (Warranty of Habitability).

The exact contours of any such claim is immaterial, however, as claims against a defendant relating to apartment repairs sound in state law, not federal law; thus, the Court would have no federal question jurisdiction over any such claim. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Further, the complaint indicates that plaintiff and defendants are residents of the State of New York. See Compl. at 2 (listing plaintiff's and the Krause's addresses in Oneonta, New York, and Damulis' address in Fly Creek, New York). Given this, the Court would not have diversity jurisdiction over any state law claims. See 28 U.S.C. § 1332 (noting that federal courts have original jurisdiction over civil actions where between citizens of different states). Finally, although a federal court may address state court claims under its supplemental jurisdiction, it would do so if the claims were related to federal claims over which the Court has jurisdiction. See 28 U.S.C. § 1367(a). Here, because plaintiff

9

has yet to demonstrate that federal jurisdiction exists, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over any such state law claim at this time.  See id. at § 1367(c)(3) (noting that federal courts may decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

Thus, the undersigned recommends that any claim for a breach of the warranty of habitability, liberally construed, be dismissed for lack of subject matter jurisdiction. See Kingsley v. New York City Hous. Auth. (NYCHA), Clarence Gordon, Ashok Kulkarni, No. 16-cv-169 (KPF), 2016 WL 5939359, at *4 (S.D.N.Y. Oct. 6, 2016) (finding liberally-construed claims against the defendants for damage to apartment, including a broken front door, to sound in state law and dismissing for lack of subject matter jurisdiction); see also Ingraham, 2017 WL 5152343, at *4 (recommending that the court decline to exercise supplemental jurisdiction over potential state law claims "because plaintiffs have not yet demonstrated that federal jurisdiction exists").

### III. Leave to Amend

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)

("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). A lack of subject-matter jurisdiction is generally viewed as a substantive defect. See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp., 152 F. Supp. 2d 443, 455 (S.D.N.Y. 2001).

As noted above, the undersigned finds that the deficiencies with plaintiff's claims mostly lie in the absence of sufficient factual allegations. See Edwards, 388 F. Supp. 3d at 144-45. As outlined above, it is not inconceivable that plaintiff could amend to state facts to meet a post-acquisition claim under the Fair Housing Act. If properly stated, this would provide the Court with supplemental jurisdiction over any state law claims, should plaintiff wish to allege any such claims.

It is highly unlikely that plaintiff will be able to state a claim under 42 U.S.C. § 1983 given that defendants are not state actors and there is no indication that plaintiff could meet any of the tests linking their acts to state action. See Fabrikant, 691 F.3d at 207. However, given the special solicitude standard, the undersigned recommends plaintiff be granted one chance to allege facts that could meet one of the three tests outlined above. See Triestman, 470 F.3d at 477; see also Lamothe v. Steinert, No. 2:23-cv-54T (JM/CFH), 2023 WL 4490513, at *6 (D. Vt. July 12, 2023) (noting that while it was "very unlikely" that the plaintiff would be able to cure the defects in a Section 1983 claim against his landlord, given the lack of state action, granting leave to amend at least once was proper due to the plaintiff's pro se status and the special solicitude standard) (citing Branum v. Clark, 927 F.2d 698, 704-705 (2d Cir. 1991) (reminding that a court ordinarily should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any

11

indication that a valid claim might be stated.")), report and recommendation adopted, 2024 WL 2126938 (D. Vt. May 13, 2024).

The undersigned recommends that plaintiff be granted thirty days from the date of the District Court's order on this Report Recommendation and Order to file his amended complaint. Plaintiff is advised that any amended complaint supersedes the original complaint, must plead all facts and claims on which he seeks to proceed, and may not incorporate by reference any part of the original complaint.

### IV. Conclusion

Wherefore, for the reasons set forth herein, it is hereby:

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 6) is **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's claims under 42 U.S.C. § 1983 and the liberally-construed claims under the Fair Housing Act and under state law for breach of the warranty of habitability, as against all defendants, be **DISMISSED without prejudice** and plaintiff be **GRANTED LEAVE TO AMEND** these claims, and it is further

**RECOMMENDED,** that plaintiff be granted thirty (30) days from the date of the district court's order on this report and recommendation to file his amended complaint, and it is further

**RECOMMENDED**, that if plaintiff does not file an amended complaint within this time period, the matter be closed without need for further order of the Court, and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules,

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1999)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[4]

Dated: January 3, 2025
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).